

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 28, 1947

Hon. Charles C. Bannister,
County Attorney,
Navarro County,
Corsicana, Texas

Opinion No. V-418

Re: The legality of sus-
pension of a murder
sentence under Arti-
cle 1257a, V.P.C.,
in the light of The
Adult Probation and
Parole Act (H.B. 120,
50th Leg.)

Dear Sir:

In your letter of October 15, you request
an opinion from this department upon the above subject
as follows:

"Does H. B. 120 as passed by the 50th
Legislature, same being Art. 781b, Texas Code
Criminal Procedure, alter or repeal Art.
1257a, Texas Penal Code, insofar as applica-
tion for and the granting of a suspended sen-
tence in a murder case is concerned? In oth-
er words, under existing Texas law, can a
defendant who is found guilty of murder re-
ceive a suspended sentence?"

Article 1257a of Vernon's Penal Code is as
follows:

"In all prosecutions for felonious homi-
cide the State or the defendant shall be per-
mitted to offer testimony as to all relevant
facts and circumstances surrounding the kill-
ing and the previous relationship existing be-
tween the accused and the deceased, together
with all relevant facts and circumstances go-
ing to show the condition of the mind of the
accused at the time of the homicide, which
may be considered by the jury in determining
the punishment to be assessed. Provided, how-
ever, that in all convictions under this Act
and where the punishment assessed by the jury

does not exceed five years, the defendant
shall have the benefits of the suspended
sentence act."

There is no express repeal of Article 1257a
contained in House Bill No. 120, nor do we find any lan-
guage in the bill that could be construed as a repeal by
implication. Repeals by implication are not favored in
law.

The Suspended Sentence Act originally enacted
in 1913 (Acts 1913, page 8) is as follows:

"Where there is a conviction of any
felony in any district or criminal district
court of this State, except murder, perjury,
burglary of a private residence at night,
robbery, arson, incest, bigamy, seduction,
and abortion, and the punishment assessed
by the jury shall not exceed five years,
the court shall suspend sentence upon writ-
ten sworn application made therefor by the
defendant, filed before the trial begins.
When the defendant has no counsel, the court
shall appoint counsel to prepare and present
same if desired by defendant. In no case
shall sentence be suspended except when the
proof shall show and the jury shall find in
their verdict that the defendant has never
before been convicted of a felony in this or
in any other State. This law is not to be
construed as preventing the jury from pass-
ing on the guilt of the defendant, but he
may enter a plea of not guilty."

In Etzler v. State, 158 S. W. (2d) 495 (4) it
is said:

"Article 776 C. C. P. specifically ex-
cepts from the suspension of sentence such
offenses as robbery, arson, etc. The (appel-
lant) contends that Article 1257a, Vernon's
Ann. P. C. repealed the former statute and
now makes the suspended sentence applicable
to all felony convictions. We do not so con-
strue the article last mentioned. Article
776a, Vernon's Ann. C. C. P. also expressly
excepts robbery, arson, etc. from the appli-
cation of the suspended sentence law. Art.

1257a, supra, deals with the crime of murder only and gives one convicted of murder the benefit of a suspended sentence if the punishment does not exceed five years. Art. 776, supra, is repealed only insofar as it conflicts with Art. 1257a, Vernon's Ann. P. C. and this conflict extends only to murder. There is no repeal by implication or by express language of any other portion of Article 776, C. C. P."

Article 778, Vernon's Code of Civil Procedure, a part of the original Suspended Sentence Act. shows clearly that the court's authority to suspend a sentence depends upon the defendant's having made a written request for such suspended sentence, and that the jury has recommended such suspension in its verdict.

Now, House Bill No. 120 empowers the courts of the State having original jurisdiction of felony cases to place defendants on probation under certain conditions. The power here vested in the court is clearly independent of any request by the defendant for a jury finding recommending suspension or probation, and independent indeed of the presence of a jury in the case. There is no inconsistency in these acts. They both stand.

Not only is there no repeal of Article 1257a, but on the contrary it is expressly declared in House Bill No. 120 that "nothing in this act shall be construed as repealing Article 776 through 781 of Vernon's Annotated Statutes, Code of Criminal Procedure, commonly known as the Suspended Sentence Law."

This opinion is in harmony with our Opinion No. V-389.

We agree with the opinion expressed by you in which you say: "It is my opinion that the Legislature did not intend for H. B. 120 to affect the provision for suspended sentences in murder cases but the language of the new statute does not so specifically state." Article 1257a, Vernon's Penal Code, has not been repealed by House Bill No. 120 of the 50th Legislature - The Adult Probation and Parole Act.

## SUMMARY

House Bill No. 126 of the 50th Legislature, the Adult Probation and Parole Act, does not repeal Article 1257a, Vernon's Penal Code, in respect to suspended sentence in a murder case.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Ocie Spear*
Ocie Spear
Assistant

OS:wb

APPROVED:

*Fagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL